JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Selective Insurance Company of South Carolina
40 Wantage Avenue
Branchville, NJ 07890

**(b)** County of Residence of First Listed Plaintiff   Sussex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KUTAK ROCK LLP
Michael T. McDonnell, III and Amy J. Blumenthal
1760 Market St. - Suite 1100, Philadelphia, PA 19103

## DEFENDANTS

City Wide Realty, Inc.,808 North 4th St.,Ste 1, Philadelphia, PA 19123
Emelia Perry, 4722 Chestnut St., Apt. E, Philadelphia, PA 19139
Metal Chestnut, Inc., 2760 Pine Road, Huntington Valley, PA 19149

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
       Plaintiff

☐ 2   U.S. Government
       Defendant

☐ 3   Federal Question
       *(U.S. Government Not a Party)*

☒ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|                                              | PTF   | DEF   |                                                          | PTF   | DEF   |
|----------------------------------------------|-------|-------|----------------------------------------------------------|-------|-------|
| Citizen of This State                        | ☐ 1   | ☐ 1   | Incorporated *or* Principal Place of Business In This State | ☐ 4   | ☒ 4   |
| Citizen of Another State                     | ☒ 2   | ☐ 2   | Incorporated *and* Principal Place of Business In Another State | ☐ 5   | ☐ 5   |
| Citizen or Subject of a Foreign Country      | ☐ 3   | ☐ 3   | Foreign Nation                                           | ☐ 6   | ☐ 6   |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
       Proceeding

☐ 2   Removed from
       State Court

☐ 3   Remanded from
       Appellate Court

☐ 4   Reinstated or
       Reopened

☐ 5   Transferred from
       Another District
       *(specify)*

☐ 6   Multidistrict
       Litigation -
       Transfer

☐ 8   Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332
Brief description of cause:
Declaratory judgment action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $
75,000.00 INEXCESS

CHECK YES only if demanded in complaint:
OF JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/02/2018

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA | : | CIVIL ACTION |
| v. | : | |
| CITY WIDE REALTY, INC. AND EMELIA PERRY AND METAL CHESTNUT, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (X)

| | | |
|---|---|---|
| May 2, 2018 | | Michael T. McDonnell, III; Amy J. Blumenthal |
| **Date** | **Attorney-at-law** | **Attorney for**  Plaintiff |
| | | Michael.McDonnell@KutakRock.com |
| | | Amy.Blumenthal@KutakRock.com |
| (215) 299-4384 | (215) 981-0719 | |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

JS 44 Reverse  (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**     **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 40 Wantage Avenue, Branchville, NJ 07890

Address of Defendant: 808 North 4th Street, Suite 1, Phila PA 19123; 4722 Chestnut Street, Apartment E, Phila PA 19139; 2760 Pine Road, Huntington Valley, PA 19149

Place of Accident, Incident or Transaction: *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☒

Does this case involve multidistrict litigation possibilities?    Yes☐    No☒

*RELATED CASE, IF ANY:*

Case Number: July Term 2017, 002320    Judge _____    Date Terminated: N/A - Pending PCCP July Term 2017, No. 002320

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐    No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐    No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐    No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐    No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Amy J. Blumenthal, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: May 2, 2018    Amy J. Blumenthal    206304

Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: May 2, 2018    Amy J. Blumenthal    206304

Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

**KUTAK ROCK LLP**
Michael T. McDonnell, III (ID: 60111)
Amy J. Blumenthal (ID: 206304)
1760 Market St. - Suite 1100
Philadelphia, PA  19103
(215) 299-4384

*Attorney for Plaintiff*
*Selective Insurance Company of South Carolina*

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA<br>40 Wantage Avenue<br>Branchville, NJ 07890<br><br>                Plaintiff<br><br>        v.<br><br>CITY WIDE REALTY, INC.<br>808 North 4th Street, Suite 1<br>Philadelphia, PA 19123<br><br>and<br><br>EMELIA PERRY<br>4722 Chestnut Street, Apartment E<br>Philadelphia, PA 19139<br><br>and<br><br>METAL CHESTNUT, INC.<br>2760 Pine Road<br>Huntington Valley, PA 19149 | Case No. |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff, Selective Insurance Company of South Carolina, by and through its counsel,

Kutak Rock LLP, brings this action for declaratory relief and hereby files this Complaint and

avers as follows:

### A.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, Selective Insurance Company of South Carolina (hereinafter "Selective" or "Plaintiff") is a general liability insurance company with its principal place of business located at 40 Wantage Avenue, Branchville NJ 07890.

2.    Defendant, City Wide Realty, Inc. (hereinafter "City Wide"), is a Pennsylvania corporation with its registered office address at 808 North Fourth Street, Suite 1, Philadelphia, Pennsylvania 19123.

3.    Defendant, Emelia Perry, is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein, at all times material hereto, at 4722 Chestnut Street, Apartment E, Philadelphia, Pennsylvania 19139.

4.    Defendant, Metal Chestnut, Inc. ("Metal Chestnut"), is a corporation duly incorporated, organized, operating and/or existing pursuant to the laws of the Commonwealth of Pennsylvania with its registered office address at 2760 Pine Road, Huntingdon Valley, Pennsylvania 19149.

5.    Selective brings this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202.  An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties regarding insurance coverage afforded under the Policy for the Underlying Action.

6.    Jurisdiction of this Court is based upon 28 U.S.C. § 1332 as plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.

7.    The Court may maintain personal jurisdiction over defendant because defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice.

8.      Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because a substantial part of the transactions and issues giving rise to plaintiff's claims occurred in this judicial district.

9.      This Court has personal jurisdiction over the defendants because they reside in the Commonwealth of Pennsylvania and this action arises out of activities in the Commonwealth of Pennsylvania.

10.     All necessary and indispensable parties have been joined in this litigation.

**B.      GENERAL ALLEGATIONS**

11.     On or about September 6, 2017, a suit was filed in the Pennsylvania Court of Common Pleas, Philadelphia County, by Emelia Perry ("Perry" or "Underlying Plaintiff") against Metal Chestnut and City Wide.  This suit is captioned *Emelia Perry v. Metal Chestnut, Inc. and City Wide Realty, Inc.*, PCCP July Term 2017, No. 002320  ("Underlying Action" or "Underlying Lawsuit").  The Complaint in the Underlying Action (the "Complaint") is attached hereto as **Exhibit A**.

12.     The Complaint alleges that on or about October of 2016, Perry became a tenant at property located at 4700 Chestnut Street (the "Property") occupying Apartment E, a rear apartment on the third and fourth floors.  Id., at ¶¶26-27.

13.     It is alleged that Metal Chestnut was the landlord of the Property, and City Wide was the managing agent of the Property.  Id. at ¶¶ 11-12.

14.     It is alleged that on or about June 9, 2017, Plaintiff climbed a fixed twenty foot metal ladder to gain access to a roof hatch at the Property.  Id. at ¶¶15, 26-27.

15.     The Complaint does not provide any sense of what drew Plaintiff to the roof or what caused her to fall, however, it is alleged that she fell and suffered a catastrophic spinal cord injury descending the ladder to the roof.  Id.

16.    The Complaint alleges broadly that City Wide and Metal Chestnut were aware that tenants were using the ladder to access the roof. Id. at ¶18.

17.    It is further alleged that signs were posted on each floor of the public stairway and/or fire tower notifying tenants of the availability of roof access and that no signs were posted barring or prohibiting access or supplying a warning as to the dangers of using the ladder to access the roof. Id. at ¶16.

18.    ¶29 of the Complaint alleges joint negligence consisting of 25 subparagraphs falling broadly into contentions that both City Wide and Metal Chestnut were aware this ladder access was an unsafe condition and an obvious hazard, and that they advertised the hazard, failed to prevent access to the hazard, or install safety devices to prevent injury from the hazard. Id.

19.    There are no allegations of punitive conduct, but recklessness is alleged in the Complaint. See **Exhibit A**.

20.    On August 1, 2013, Metal Chestnut entered into a Property Management Agreement with City Wide ("the Agreement") for the Property, an Agreement that was in force and effect on the date of the incident giving rise to the Underlying Lawsuit.  The Agreement is attached hereto as **Exhibit B**.

21.    The Agreement provided, among other things, that City Wide, designated therein as the "Agent/Manager", would have the following duties: advertise the property, place rental signs where appropriate, submit the rental listings to the MLS, authorize other Agents/Managers (and their associates, inspectors, appraisers and contractors) to access the property at reasonable times for purposes contemplated under the Agreement, lend keys, duplicate keys and disclose security codes, arrange for showings or employ agents for same, verify information on rental applications, negotiate leases on the Owner's behalf, terminate leases, collect rents and remit them to the Owner, collect

administrative fees, initiate and prosecute eviction actions, negotiate with tenants and former tenants

and maintain records.  See id.

22.     Paragraph 8. [OWNER'S REPRESENTATIONS] B. "Property Conditions" provides

as follows:

> Owner and Agent/Manager are obligated under the law to disclose to tenant or prospective
> tenant any known condition that materially and adversely affects the health and safety of the
> ordinary tenant. Owner is obligated to repair such condition for a tenant. (1) Owner is not
> aware of a condition concerning the Property that materially affects the health and safety of
> an ordinary tenant.  Id.

23.     Paragraph 9 [OWNER'S COOPERATION] L. provides [that the Owner] L. Fulfill

maintenance service requests for tenants and respond to those calls/email whether received directly

from the tenant or advised via email or telephone from a representative of City Wide Realty.

24.     There is an INSURANCE covenant that is set forth at paragraph at 10 which

provides:

> A.     At all times relevant during this Agreement, Owner must maintain in effect:
> a. A public liability insurance policy that names City Wide Realty, Inc. as a co-insured or
> additional insured and covers losses related to the Property in an amount equal to the
> replacement value of the Property.

25.     Paragraph 15 contains an INDEMNIFICATION clause which provides as follows:

> 1. LIABILITY AND INDEMNIFICATION
> A. Agent/Manager is not responsible or liable in any manner for personal injury to
> any person resulting from any act or omission not caused by Agent/Manager's
> negligence, including but not limited to injuries or damages caused by:....
> (4) A dangerous condition or environmental condition on the Property; or
> (5) The Property's or the Property Owner's non-compliance with any law or
> ordinance.
> C. Owner agrees to protect, defend, indemnify and hold Agent/Manager harmless
> from any damage, injury, loss, costs, attorney's fees and expenses that:
> (1) Are caused by the Owner, negligently or otherwise;
> (2) Arise from the Owner's failure to disclose any material or relevant information
> about the Property
> (3) .....
> (4) Are related to the management of the Property and are not caused by the
> negligence of the Agent/Manager

C.      **THE POLICY**

26.     At all times relevant, Selective issued a Business Owners insurance Policy of insurance to City Wide, Policy No. 2273757 with limits of insurance of $1,000,000 per occurrence and a Medical Expense Limit per person of $10,000, and with a period of coverage of April 25, 2017 to April 25, 2018 (the "Policy").  See **Exhibit C**, attached.

27.     Any potential coverage under the Policy is limited by the terms, conditions, exclusions, and time periods of the Policy.  Selective is not responsible for any coverage except as specifically provided for in the Policy.

28.     Relevant for the purposes of this Declaratory Judgment Action is the "MerchantsPro Real Estate Operations Limitation ("REOL") which is identified as BP 70 55 04 10. The REOL endorsement provides as follows:

> *Section II – Liability*
>
> *With respect to real estate operations, this insurance applies only to "bodily injury"…arising out of the ownership, operation, maintenance or use of:*
>
> *1. Such part of any premises you use for general office purposes, and*
>
> *2. Premises listed or shown by you for sale, lease or rental, if:*
>
> *a. You do not own, operate, manage, lease or rent the premises;*
> *b. The premises is not in your care, custody, or control; or*
> *c. You do not act as the agent for the collection of rents or in any supervisory capacity*

29.     The Complaint describes facts which Selective contends for purpose of the REOL are real estate operations engaged in by City Wide under the Agreement.

30.     However, upon information and belief, City Wide did not maintain at or within the Property, whether temporary or permanent, space that would constitute an office that was used by City Wide for "general office purposes".

31.     Coverage to City Wide is therefore not available for the loss that is the subject of the Underlying Action in view of the clear wording of the above-referenced REOL.

32.     To the extent that Plaintiff has alleged "bodily injury" in the Complaint arising out of 4700 Chestnut's roof ladder, the "bodily injury" cannot be said to have arisen out of the ownership, maintenance, use or operation of City Wide's general office premises, which were located at 808 N. 4th Street, Philadelphia, PA.

33.     Therefore, Selective's policy limitation as to general office locations for bodily injury bars coverage for the claims alleged in the Lawsuit.

34.     Further, the "bodily injury" sustained by the Plaintiff did not arise out of any past action by City Wide to sell, lease or rent a unit to the Plaintiff, nor any action on the day in question.

35.     Plaintiff does not allege "bodily injury" arising out the ownership, maintenance, use or operation of "[p]remises listed or shown by [City Wide] for sale, lease or rental" within the exceptions [a-c] listed in the endorsement.  See **Exhibit C**.

36.     The Complaint fairly construed makes clear that City Wide is alleged to have played a role in decisions related to the operation, management of the property, that it had "proper care, custody and control over the premises" (**Exhibit A**, at ¶36.u.) and that City Wide, as Agent/Manager had an alleged supervisory role over Metal Chestnut (Id. at ¶¶ 36.x,y).

37.     Further, City Wide acted as an agent for the collection of rents for Metal Chestnut. Id. at ¶12.

38.     Accordingly, no coverage exists under the REOL for the Plaintiff's claims alleged in the Complaint.

39.     Indeed, the allegations placed the claims in the Underlying Action within the exceptions to liability coverage enumerated in the endorsements.

40.     It is clear from the language of the REOL endorsement that liability coverage only applies to City Wide when engaged as a listing agent for the sale and rental of the property, not when acting as a landlord or manager/custodian of the Property.  Id. at ¶36.

41.     The Selective Policy contains other provisions and endorsements which do or may further limit the coverage of the Policy.

42.     In view of the limitations and exclusions in the Policy, Selective has no duty to defend or indemnify City Wide for the claims and damages alleged in the Underlying Action.

43.     Selective has communicated its lack of duty to defend and lack of any liability to provide insurance coverage or indemnification to City Wide via a Reservation of Rights letter to City Wide dated on or about September 25, 2017.

44.     Additionally, per the Agreement between City Wide and Metal Chestnut (see ¶¶ 24-26 above), Metal Chestnut has responsibility to defend City Wide and provide additional insurance coverage on behalf of City Wide, and their insurer, American Empire Surplus Lines Insurance Company accepted Selective's tender in this regard via correspondence dated September 15, 2017 and have agreed to defend City Wide.  See **Exhibit D**.

**COUNT I**
**SELECTIVE INSURANCE COMPANY OF**
**SOUTH CAROLINA V. CITY WIDE REALTY, INC.**

**DECLARATORY RELIEF**

45.     Plaintiff Selective incorporates by reference the preceding paragraphs of this Declaratory Judgment Complaint as if same were set forth herein in full.

46.     A controversy exists between the parties concerning their respective rights under the subject Policy.

47.     By reason of the foregoing, a Declaratory Judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the aforementioned Policy.

48.     The liability alleged against City Wide in the Underlying Complaint, or generally in the Underlying Action, does not fall under the Policy by virtue of the REOL endorsement.

49.     Selective's policy limitation as to general office locations for bodily injury bars coverage for City Wide under the Policy as does the fact that the "bodily injury" sustained by Plaintiff did not arise out of any past action by City Wide to sell, lease or rent a unit to the Plaintiff, as described above.

50.     Liability coverage only applies to City Wide when engaged as a listing agent for the sale or rental of the Property, not when acting as a landlord or manager/custodian of the Property.

51.     Selective is not liable for any defense costs for City Wide for any of the liability alleged against it in the Underlying Complaint, or generally in the Underlying Action.

52.     Selective is not liable for any coverage or indemnification to City Wide for any of the claims or liability alleged against it in the Underlying Complaint, or generally in the Underlying Action.

53.     Defendant Emelia Perry and Metal Chestnut, Inc. are persons and/or entities that may have or may claim an interest in the coverage issues being litigated between Selective and City Wide, which interests would be effected by the declarations requested of the Court in this matter.

WHEREFORE, Plaintiff Selective Insurance Company of South Carolina requests the Court to enter judgment against City Wide as follows:

(a)     Declaring and establishing the rights and other legal obligations of Selective and City Wide arising out of the aforesaid;

(b)     Declaring that the liability alleged against City Wide in the Underlying Complaint, or generally in the Underlying Action, is not covered by and/or is excluded from coverage under the Policy.

(c)     Declaring that Selective is not required to provide coverage, indemnification or a defense to City Wide for the claims and liability in the Underlying Complaint, or generally in the Underlying Action.

(d)     Declaring that City Wide is not entitled to insurance coverage, indemnification or defense costs from Selective under the Policy for the claims and liability alleged against her in the Underlying Complaint, or generally in the Underlying Action.

(e)     In the alternative, declaring that Selective is not required to provide, and City Wide is not entitled to receive, coverage, indemnification or defense costs for the claims and liability in the Underlying Complaint, or generally in the Underlying Action to the extent that such claims and liability are outside the scope of the Policy, not covered by the Policy or are excluded by the terms of the Policy;

(f)     Awarding Selective costs and reasonable attorneys' fees incurred to the extent permitted by law; and

(g)     Awarding such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

Date: May 1, 2018

    /s/ Amy J. Blumenthal
MICHAEL T. MCDONNELL III
(ID: 01886-1990)
AMY J. BLUMENTHAL (ID: 01274-2007)
KUTAK ROCK LLP
1760 Market St., Suite 1100
Philadelphia, PA  19103
(215) 299-4384
Michael.McDonnell@KutakRock.com
Amy.Blumenthal@KutakRock.com

*Attorneys for Plaintiff*
*Selective Insurance Company of South*
*Carolina*

# EXHIBIT A

**McLAUGHLIN & LAURICELLA, P.C.**
**By:**   **Slade H. McLaughlin, Esquire**
          SMcLaughlin@best-lawyers.com
          Identification No. 36653
          **Paul A. Lauricella, Esquire**
          PLauricella@best-lawyers.com
          Identification No. 45768
          **Bethany R. Nikitenko, Esquire**
          BNikitenko@best-lawyers.com
          Identification No. 206374
One Commerce Square
2005 Market Street, Suite 2300
Philadelphia, PA 19103
215-568-1510 (Phone)
215-568-4170 (Facsimile)

**Attorneys for Plaintiff, Emelia Perry**

*Filed and Attested by the Office of Judicial Records 06 SEP 2017 01:05 pm A. STAMATO*

---

**EMELIA PERRY**
c/o McLaughlin & Lauricella, P.C.
2005 Market Street, Suite 2300
Philadelphia, PA 19103

                                  Plaintiff,

              v.

**METAL CHESTNUT, INC.**
2760 Pine Road
Huntington Valley, PA 19149
              and
**CITY WIDE REALTY, INC.**
808 North 4th Street, Suite 1
Philadelphia, PA 19123

                                  Defendants.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
CIVIL TRIAL DIVISION

JULY TERM, 2017

NO. 002320

**JURY TRIAL DEMANDED**

---

## "NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Philadelphia Bar Association
LAWYER REFERRAL & INFO.
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

## "AVISO"

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

## CIVIL ACTION COMPLAINT

### I.     PARTIES

1.     Plaintiff, Emelia Perry, is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein, at all times material hereto, at 4722 Chestnut Street, Apartment E, Philadelphia, Pennsylvania 19139.

2.     Defendant, Metal Chestnut, Inc., is a corporation, partnership, limited partnership, business entity, and/or business association, or other business entity, duly incorporated, organized, operating and/or existing pursuant to the laws of the Commonwealth of Pennsylvania with its registered office address at 2760 Pine Road, Huntingdon Valley, Pennsylvania 19149.

3.     At all times material hereto, defendant, Metal Chestnut, Inc., was the owner of the premises located at 4722 Chestnut Street, Philadelphia, Pennsylvania 19139 (hereinafter referred to sometimes as "the subject premises"), the location at which the incident giving rise to this suit occurred, as more fully set forth in this Complaint.

4.     Defendant, Metal Chestnut, Inc., as the owner of the subject premises, had a duty to exercise reasonable care in the maintenance and upkeep of the premises, to keep the premises in a habitable condition, to exercise reasonable care to make the premises safe, to protect the plaintiff from foreseeable harm, to inspect the premises for any dangerous conditions and activities, to warn the plaintiff of any existing dangerous conditions and activities on the premises of which Metal Chestnut, Inc. was aware, or should have been aware, and to correct any existing dangerous conditions and activities on the premises of which Metal Chestnut, Inc. was aware, and/or should have been aware.

5.     Defendant, City Wide Realty, Inc., is a corporation, partnership, limited partnership, business entity, and/or business association, or other business entity, duly incorporated, organized, operating and/or existing pursuant to the laws of the Commonwealth of

2

Pennsylvania with its registered office address at 808 North Fourth Street, Suite 1, Philadelphia, Pennsylvania 19123.

6.     At all times material hereto, defendant, City Wide Realty, Inc., was the rental and/or management agent for the subject premises.

7.     At all times material hereto, Metal Chestnut, Inc. was the principal of defendant, City Wide Realty, Inc., and is vicariously liable for the acts and/or omissions of its agent.

8.     At all times material hereto, defendant, City Wide Realty, Inc., acted as the agent and/or servant of Metal Chestnut, Inc., within the course and scope of its service and/or agency.

9.     Defendant, City Wide Realty, Inc., as the rental and/or management agent of the subject premises, had a duty to exercise reasonable care in the maintenance and upkeep of the premises, to keep the premises in a habitable condition, to exercise reasonable care to make the premises safe, to protect the plaintiff from foreseeable harm, to inspect the premises for any dangerous conditions and activities, to warn the plaintiff of any existing dangerous conditions and activities on the premises of which City Wide Realty, Inc. was aware, or should have been aware, and to correct any existing dangerous conditions and activities on the premises of which City Wide Realty, Inc. was aware, and/or should have been aware.

## II.   <u>FACTUAL BACKGROUND</u>

10.     In June of 2017, the subject premises, which was located at 4722 Chestnut Street, Philadelphia, Pennsylvania 19139, consisted of a four-story residential apartment building.

11.     Defendant, Metal Chestnut, Inc., was the landlord of the subject premises.

12.     Defendant, City Wide Realty, Inc., as the managing agent of the subject premises, was charged with numerous duties and responsibilities including, but not limited to, collecting

Case ID: 170702320

rent, inspecting the premises, and undertaking maintenance and repairs to ensure that the premises was safe for its tenants.

13.     Plaintiff, Emelia Perry, was one of the lawful occupants of Apartment E, a rear apartment on the third and fourth floors, from approximately October of 2016 until June 9, 2017, the date of the incident giving rise to this suit.

14.     The apartments in the subject premises were connected by a public stairway and/or fire tower in the rear of the building.

15.     The roof of the premises was accessible to tenants by an open and unsecured roof hatch, which could be accessed by a twenty-foot, fixed, metal, access ladder.

16.     Signs were posted on each floor of the public stairway and/or fire tower notifying tenants of the availably of roof access.  No signs barring or prohibiting access to the roof were posted in the subject premises, and it was known, or reasonably foreseeable, that tenants would use the roof.

17.     Tenants of the subject premises frequently accessed the roof by climbing the twenty-foot, fixed, metal, access ladder through the open and unsecured roof hatch.

18.     Defendants, Metal Chestnut, Inc. and City Wide Realty, Inc., knew, and/or had reason to know, that tenants of the subject premises were accessing the roof by climbing the twenty-foot, fixed, metal, access ladder through the open and unsecured roof hatch.

19.     The twenty-foot, fixed, metal, access ladder and the open and unsecured roof hatch represented a reasonably foreseeable hazard to the tenants of the subject premises, including plaintiff, Emelia Perry.

20.     Defendants, Metal Chestnut, Inc. and City Wide Realty, Inc., knew, or had reason to know, that the twenty-foot, fixed, metal, access ladder and the open and unsecured roof hatch

4

Case ID: 170702320

represented a reasonably foreseeable hazard to tenants of the subject premises, including plaintiff, Emelia Perry.

21.     The instillation of appropriate warning signage and a guarded ladder access device were necessary to protect tenants, such as plaintiff, Emelia Perry, from the risk of serious bodily injury or death.

22.     Defendants, Metal Chestnut, Inc. and City Ride Realty, Inc., knew, and/or had reason to know, that the installation of appropriate warning signage and a guarded ladder access device were necessary to protect tenants, such as plaintiff, Emelia Perry, from serious bodily injury.

23.     Despite knowing that tenants were accessing the roof, and that the condition represented a reasonably foreseeable hazard to tenants, defendants, Metal Chestnut, Inc., and City Wide Realty, Inc., failed to exercise reasonable care to make the subject premises safe.

24.     Despite knowing that tenants were accessing the roof, and that the condition represented a reasonably foreseeable hazard to tenants, defendants, Metal Chestnut, Inc. and City Wide Realty, Inc., failed to protect tenants, such as plaintiff, Emelia Perry, from foreseeable harm.

25.     Despite knowing that tenants were accessing the roof, and that the condition represented a reasonably foreseeable hazard to tenants, defendants, Metal Chestnut, Inc. and City Wide Realty, Inc., failed to warn tenants, such as plaintiff, Emelia Perry, of the potential dangers associated with climbing the ladder and accessing the roof.

26.     On the evening of June 9, 2017, plaintiff, Emelia Perry, gained access to the roof of the subject premises by climbing the twenty-foot, fixed, metal, access ladder through the open and unsecured roof hatch.

Case ID: 170702320

27.     Plaintiff, Emelia Perry, thereafter attempted to re-enter the subject premises by climbing back through the open and unsecured roof hatch and onto the twenty-foot, fixed, metal, access ladder.

28.     Shortly thereafter, plaintiff, Emelia Perry, was found lying on a set of stairs approximately thirty feet beneath the open and unsecured roof hatch.

29.     As a direct and proximate result of the carelessness, negligence, and recklessness of the defendants, plaintiff, Emelia Perry, suffered the following injuries and damages:

   a.     L1 spinal cord injury;

   b.     need for T12-L1 laminectomy, T10-L4 fusion with pedical screws, open reduction of thoraco-lumbar spine fracture, bilateral transpedicular decompression of fracture segments, and partial L1 corpectomy for decompression of fracture segments;

   c.     multiple right sided rib fractures;

   d.     fracture of the right elbow;

   e.     laceration of the head;

   f.     left frontal subarachnoid hemorrhage;

   g.     concussion;

   h.     open wound of the left hip and thigh;

   i.     need for in-patient rehabilitation;

   j.     permanent neurologic injury, paralyisis, and paresthesia,

   k.     disfigurement;

   l.     diminished quality of life;

   m.     physical and emotional pain and suffering;

   n.     past and future mental anguish, humiliation, embarrassment, loss of life's pleasures, and emotional distress; and

6

Case ID: 170702320

o.      lost wages, interference with usual duties, vocational pursuits, and occupation, including a shortening of plaintiff's economic horizons.

30.      The injuries suffered by plaintiff, Emelia Perry, were a direct and proximate result of the negligence, carelessness, and recklessness of the defendants, Metal Chestnut, Inc. and City Wide Realty, Inc., and were not due to any act or failure to act on the part of the plaintiff.

**III.     CAUSES OF ACTION**

**COUNT I -- NEGLIGENCE**
**EMELIA PERRY v. METAL CHESTNUT, INC. AND CITY WIDE REALTY, INC.**

31.      Plaintiff incorporates by reference the allegations of the preceding paragraphs as if each was fully set forth herein.

32.      The negligence, careless, and reckless conduct of defendant, Metal Chestnut, Inc., consisted of one or more of the following:

a.      failure to maintain the ladder and roof hatch in a reasonably safe and secure condition;

b.      failure to exercise reasonable care for the safety of the tenants of the subject premises, such as plaintiff;

c.      failure to remedy a known hazardous condition;

d.      creating and permitting to exist a dangerous and hazardous condition in the rear common stairway and/or fire tower for tenants, such as plaintiff, despite a subjective appreciation of the significant likelihood of serious bodily injury;

e.      failure to close and secure the roof hatch to prevent tenants from climbing the ladder and accessing the roof despite a subjective appreciation of the significant likelihood of serious bodily injury;

f.      failure to provide sufficient warnings to tenants, such as plaintiff, as to the dangerous nature of climbing and descending the access ladder;

g.      failure to conduct reasonable inspections of the premises to identify dangerous and unsafe conditions, such as the open and unsecured roof hatch and the twenty-foot, fixed, metal, access ladder;

7

Case ID: 170702320

h.   failure to discover conditions that posed a risk of danger to tenants upon inspection of the property, such as the open and unsecured roof hatch and the twenty-foot, fixed, metal, access ladder;

i.   failing to remedy unsafe conditions found on the premises, such as the open and unsecured roof hatch and the twenty-foot, fixed, metal, access ladder, despite a subjective appreciation of the significant likelihood of serious bodily injury;

j.   disregarding unsafe conditions on the premises that posed an unreasonable risk of harm to tenants, such as the open and unsecured roof hatch and the twenty-foot, fixed, metal ladder, despite a subjective appreciation of the significant likelihood of serious bodily injury;

k.   failure to barricade, secure, and/or block off the stairway, roof access ladder, and/or roof hatch;

l.   failure to utilize a ladder access guard to prevent tenants from climbing the ladder and accessing the roof;

m.   allowing a roof access ladder and roof hatch to be situated in a public non-controlled access space in the subject premises;

n.   failure to install and maintain industry standard ladder safety equipment including, but not limited to, ladder cages, safety ladder extensions, and/or telescoping posts;

o.   failure to install and maintain appropriate and reasonable signage to warn tenants of the hazards of climbing and descending the ladder and accessing the roof;

p.   failure to install and maintain appropriate and reasonable signage restricting roof access to authorized building and/or maintenance personnel;

q.   failure to institute and disseminate policies and procedures prohibiting tenants from climbing the roof access ladder;

r.   failure to institute and disseminate polices and procedures to prohibit and prevent tenants from accessing the roof.

s.   failure to properly and adequately maintain the premises in accordance with the Philadelphia Property Maintenance Code (Philadelphia Code), other applicable codes and regulations, the common law, and/or other respective contractual responsibilities;

Case ID: 170702320

t.     failure to provide sufficient warnings to tenants of the subject premises, such as plaintiff, as to the existence of a defective, dangerous, and/or unsafe condition on the premises;

u.     failure to exercise the proper care, custody, and control over the aforesaid premises, access ladder, and roof hatch;

v.     creating and/or allowing to exist a hazardous condition on the premises;

w.     failure to undertake a hazard analysis with request to the subject premises;

x.     failure to confer and collaborate with its property manager, City Wide Realty, Inc., with respect to making the premises safe and secure for tenants;

y.     vicarious liability for the acts and omissions of City Wide Realty, Inc.

33.     As a direct and proximate result of the negligent, careless, and reckless conduct of defendant, Metal Chestnut, Inc., as described more fully herein, plaintiff, Emelia Perry, sustained the injuries and damages described earlier in this Complaint.

34.     As a direct and proximate result of the negligence, carelessness, and reckless conduct of defendant, Metal Chestnut, Inc., as described more fully herein, plaintiff, Emelia Perry has been obliged to expend various and diverse sums of money in an effort to treat herself for her injuries, and will continue to be so obliged for an indefinite time in the future.

35.     The injuries and damages sustained by plaintiff, Emelia Perry, were a direct and proximate result of the negligence, carelessness, and recklessness of the defendant, Metal Chestnut, Inc., and were not due to any act or failure to act on the part of plaintiff.

36.     The negligent, careless, and reckless conduct of defendant, City Wide Realty, Inc., consisted of the following:

a.     failure to maintain the ladder and roof hatch in a reasonably safe and secure condition;

b.     failure to exercise reasonable care for the safety of the tenants of the subject premises, such as plaintiff;

9

c.      failure to remedy a known hazardous condition;

d.      creating and permitting to exist a dangerous and hazardous condition in the rear common stairway and/or fire tower for tenants, such as plaintiff, despite a subjective appreciation of the significant likelihood of serious bodily injury;

e.      failure to close and secure the roof hatch to prevent tenants from climbing the ladder and accessing the roof despite a subjective appreciation of the significant likelihood of serious bodily injury;

f.      failure to provide sufficient warnings to tenants, such as plaintiff, as to the dangerous nature of climbing and descending the access ladder;

g.      failure to conduct reasonable inspections of the premises to identify dangerous and unsafe conditions, such as the open and unsecured roof hatch and the twenty-foot, fixed, metal, access ladder;

h.      failure to discover conditions that posed a risk of danger to tenants upon inspection of the property, such as the open and unsecured roof hatch and the twenty-foot, fixed, metal, access ladder;

i.      failing to remedy unsafe conditions found on the premises, such as the open and unsecured roof hatch and the twenty-foot, fixed, metal, access ladder, despite a subjective appreciation of the significant likelihood of serious bodily injury;

j.      disregarding unsafe conditions on the premises that posed an unreasonable risk of harm to tenants, such as the open and unsecured roof hatch and the twenty-foot, fixed, metal ladder, despite a subjective appreciation of the significant likelihood of serious bodily injury;

k.      failure to barricade, secure, and/or block off the stairway, roof access ladder, and/or roof hatch;

l.      failure to utilize a ladder access guard to prevent tenants from climbing the ladder and accessing the roof;

m.      allowing a roof access ladder and roof hatch to be situated in a public non-controlled access space in the subject premises;

n.      failure to install and maintain industry standard ladder safety equipment including, but not limited to, ladder cages, safety ladder extensions, and/or telescoping posts;

10

Case ID: 170702320

o.      failure to install and maintain appropriate and reasonable signage to warn tenants of the hazards of climbing and descending the ladder and accessing the roof;

p.      failure to install and maintain appropriate and reasonable signage restricting roof access to authorized building and/or maintenance/repair personnel;

q.      failure to institute and disseminate policies and procedures prohibiting tenants from climbing and descending the roof access ladder;

r.      failure to instate and disseminate policies and procedures to prohibit and prevent tenants from accessing the roof.

s.      failure to properly and adequately maintain the premises in accordance with the Philadelphia Property Maintenance Code (Philadelphia Code), other applicable codes and regulations, the common law, and/or other respective contractual responsibilities;

t.      failure to provide sufficient warnings to tenants of the subject premises, such as plaintiff, as to the existence of a defective, dangerous, and/or unsafe condition on the premises;

u.      failure to exercise the proper care, custody, and control over the aforesaid premises, access ladder, and roof hatch;

v.      creating and/or allowing to exist a hazardous condition on the premises;

w.      failure to undertake a hazard analysis with request to the subject premises;

x.      failure to confer and collaborate with its property manager, City Wide Realty, Inc., with respect to making the premises safe and secure for tenants;

y.      vicarious liability for the acts and omissions of Metal Chestnut, Inc.

37.      As a direct and proximate result of the negligent, careless, and reckless conduct of defendant, City Wide Realty, Inc., as described more fully herein, plaintiff, Emelia Perry, sustained the injuries and damages described earlier in this Complaint.

38.      As a direct and proximate result of the negligence, carelessness, and reckless conduct of defendant, City Wide Realty, Inc., as described more fully herein, plaintiff, Emelia

11

Case ID: 170702320